# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| James Henry Montgomery II | \* |
| 4688-B Old Forge Road | \* |
| Fayetteville, PA 17222 | \* |
| PLAINTIFF | \* |
| VS. | \* |
| Cathy A. Harris,  Chairman | \* |
| United States Merit Systems Protection Board | \* |
| Alejandro N. Mayorkas, Secretary | \* |
| Department of Homeland Security | \* |
| (Federal Emergency Management Agency) | \* |
| 2707 Martin Luther King Jr Avenue SE | \* |
| Washington, DC 20528-0525 | \* |
| Deanne Criswell, Administrator | \* |
| Federal Emergency Management Agency | \* |
| DEFENDANT | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Case: 1:24–cv–01697
Assigned To : Friedrich, Dabney L.
Assign. Date : 5/31/2024
Description: Employ. Discrim. (H–DECK)

Civil Case No.

MSPB DOCKET NUMBER

DC-0752-21-1-2 {May1, 2024)

ATTORNEYS

PLAINTIFF

Pro Se

DEFENDANTS

Alejandro Mayorkas
c/o Jonathan Meyers, General Counsel
Department of Homeland Security
2707 Martin Luther King Jr. Ave SE
Washington, DC 20528-0485
Email: OGC@hq.dhs.gov

RECEIVED

MAY  31  2024

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Deanne Criswell
c/o Adrian Sevier,  Chief Counsel
Federal Emergency Management Agency
500 C Street, SW
Washington, DC
Email: FEMA-Actionoffice-OCC@fema.dhs.gov

United States Attorney General
US Department of Justice
950 Pennsylvania Avenue, NW
Washington. DC 20530-0001

Civil Process Clerk
U.S. Attorney's Office for D.C.
601 D Street, NW
Washington, DC 20530
USADC.ServiceCivil@usdoj.gov

Cathy Harris, Chairman
United States Merit Systems Protection Board
1615 M Street, NW
Washington, DC 20419

COMPLAINT

CLAIM STATEMENT

Plaintiff has courageously filed an appeal from the United States Merit Systems Protection Board's  (MSPB Board) decision denying Plaintiff's Petition for Review of the MSPB Administrative Judge's findings, sustaining the removal action against Plaintiff.  (See Plaintiff Exhibit 1). The Plaintiff steadfastly challenges the MSPB Board and Agency, asserting that the Administrative Judge's decision to sustain the Agency's action to remove the Plaintiff from federal service is not supported by the legally required evidence and analysis.  Moreover, Plaintiff claims harmful procedural error, discrimination, due process violation, whistleblower reprisal, and the administrative judge's abuse of discretion when ruling on witnesses and imposing sanctions against him about a discovery dispute. The Administrative Judge did not review the several efforts of the Plaintiff to produce hundreds of pages of documents to meet the

Agency's moving discovery request-target. Plaintiff's production of hundreds of pages, in response to cursory challenges by the Agency, was prematurely disallowed by the Administrative Judge as a whole cloth sanction without any review and determination of the merit of any of the Agency's challenges to Plaintiff's discovery production.

In addition, the documents were already provided to the Agency. Plaintiff contends the documents included copies of work produced by the Plaintiff and his staff, as well as daily, weekly, and monthly logs of Plaintiff's and his staff's work, phone calls, emails, and assignments during 2019 and the entire PIP period, with due dates and completed dates as reported by Plaintiff to the supervisors. This would bolster the Plaintiff's argument against the Agency's allegation that his performance and conduct did not meet acceptable standards.

At the same time, the OER leadership rated the Plaintiff's performance unacce[table in all areas in 2019]. The Plaintiff rated four members of his staff with three Achieved Excellence and one Exceeded Expectations. The OER leadership signed off on these ratings.

In this appeal, the Plaintiff argues that the MSPB Board erred in upholding the removal and that the Administrative Judge's decision was inadequate. The plaintiff contends that the Administrative Judge's Decision was invalid because the opinion was incomplete and not instructive, lacking in identifying and applying critical elements that defined the issues decided by the Administrative Judge. The Plaintiff further argues that the MSPB Board substantially rewrote the Administrative Judge's decision opinion because it lacked essential components to be competent, valid, and sustained (See Plaintiff Exhibit 1).

The Plaintiff files this Complaint under the F.R.C.P. Rule and claims whistleblower retaliation as an affirmative defense because he made whistleblowing disclosures as described under 5 U.S.C.

§ 2302(b)(8), engaged in protected activity as defined under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and alleges the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action outlined in 5 U.S.C. § 2302(a)(2)(A) 5 U.S.C. § 1221(e)(1). The Plaintiff alleges, inter alia, that he filed a whistleblower Reprisal complaint with the Office of Special Counsel (OSC) in which he claimed Management retaliated against him for his participation in investigations of actions and the work environment of OER. The Plaintiff also alleged "gross mismanagement, abuse of authority, and harassment that created a hostile work environment in the OER. The 'gross mismanagement' includes and refers to the OER Director's failure to develop the Anti-Harassment Program as directed by the Chief of Staff and the dissolution of the process for managing Title VII complaints from FEMA Reservists, which comprised over 50 % of the Agency's complaints.  The failure to develop the Anti-Harassment Program was part of the Plaintiff's testimony to the OIG and was referenced as a failure by the OER Director after a year of inactivity in the OIG Report issued in September 2020; abuse of authority is evident in forcing qualified and performing OER staff out of the OER because of her prejudices and refusing to allow the Plaintiff to participate in program activity when requested by the Civil Rights and Civil Liberties Officer; 'harassment' includes denying the Complainant sick leave, refusing for four months to respond to the Plaintiff's request for feedback on a complaint opinion concerning a matter promised to the Administrator, which was given to the OER Director ahead of schedule and taking adverse personnel actions against the Plaintiff and other OER staff.

The Plaintiff alleges that these actions were taken by three specific OER supervisors and alleged further that the actions were in retaliation for the Plaintiff's following protected disclosures and activities: (1) Plaintiff's March 19, 2019, response to an Office of Inspector General (OIG)

questionnaire; (2) Plaintiff's participation in an OIG interview on June 12, 2019, regarding OER Management and the Anti-Harassment Program; (3) a statement he provided to the agency's Office of Professional Responsibility (OPR) on November 21, 2019, regarding the work environment in the OER; (4) Plaintiff's testimony to the agency's OPR on June 25, 2020, regarding an investigation of the OER work environment; (5) a Letter Plaintiff wrote to the then-FEMA Administrator to register opposition to [retroactive sick leave denial] and other abuse of power actions by the OER leadership; And (6) Plaintiff's statement to the Deputy Associate Administrator on or about March 20, 2019, regarding the OER's toxic work environment and harassment.

Additionally, the Plaintiff alleges harassment and hostile work environment employment discrimination on the bases of race (African American), color (Black), National Origin (North American), sex (Male), age (over 60), and Reprisal based on prior EEO activity (participation and opposition) in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C.§ 621 et seq.

## I..    EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Plaintiff diligently pursued the exhaustion of administrative remedies by timely filing complaints of discrimination with the Department of Homeland Security (DHS).[1] The Plaintiff filed his complaints with the Merit Systems Protection Board, the Office of Special Counsel, the Office of Professional Responsibility, and the Office of Inspector General.  The Plaintiff

---

[1] The complaints were filed against Federal Emergency Management Agency Office of Equal Rights Director and managers and were therefore conflict cases that should be filed with the DHS.  The Federal Emergency Management Agency is a DHS Component.

requested the Office of Federal Operation review of his EEOC complaint and the Merit Systems Protection Board review of the Administrative Judge's decision. The Plaintiff filed this action on December 26, 2023. Upon the cases being decided against the Plaintiff, the Plaintiff promptly appealed to the United States District Court for the District of Columbia. Despite the rulings being against the Plaintiff, the Plaintiff remained undeterred.

II.    BACKGROUND

In 1998, Plaintiff began work with the Federal Emergency Management Agency (FEMA) as a Reservist Civil Rights Specialist. In March 1999, he was selected by the FEMA Office of Equal Rights (OER) as a Cadre On-Call Response Employee (CORE) to manage complex and novel employment discrimination (Title VII) and External civil rights (Title VI) matters and write Final Agency Decisions(FAD) at FEMA headquarters in Washington, DC. In 2005, the Plaintiff was promoted to Program Manager for the External Civil Rights Program and staff. The responsibilities included Title VI, Section 504 of the Rehabilitation Act of 1973, limited English Proficiency, and managing the civil rights disaster cadre, which required subject matter expertise, analytical skills, and leadership competency. The Plaintiff held that position with distinction and recognition as a subject matter expert until he was removed from federal service in June 2021.

III.    HOSTILE WORK ENVIRONMENT HARASSMENT EXAMPLES AND BACKGROUND.

When events gave rise to these complaints, Plaintiff worked as a Supervisory Civil Rights Analyst, GS-0160-14, at the Agency's Office of Equal Rights (OER) in Washington, D.C. When

the Deputy Director came on board on May 7, 2019, this harassment and hostility continued as a tandem activity by the Director and Deputy Director.

a) On February 21, 2020, Plaintiff filed an EEO complaint (HS-FEMA-00328-2020) alleging that the Agency discriminated against him and subjected him to a hostile work environment and harassment on the bases of race (African-American), national origin (American), sex (heterosexual male), age (77), and in reprisal for prior protected activity when Plaintiff was subjected to harassment and rated unacceptable in six of seven CORE Competences when for 17 previous years Plaintiff's rating was achieved excellence. The Director of the Federal Emergency Management Agency Office of Equal Rights (Director) discriminatorily, wrongly, with reckless indifference and willful disregard for the facts and truth, publicly and privately disparaged Plaintiff as incompetent, unprofessional, a liar, and incapable of competent behavior.

b) At various times, the Director publicly and privately rudely challenged, disparaged, and discounted the Plaintiff's requests for information technology (IT) and computer Assistance. The Director had instructed the IT Division to issue Plaintiff a computer with a smaller hard drive, which could not house the information on Plaintiff's original computer and impacted Plaintiff's work.

c) In or about August 2018, the Director assigned the Plaintiff an assignment to use a computer program that IT experts stated would not accomplish the Director's request. The Director publicly told the Office of Equal Rights staff that the Plaintiff could not complete the assignment because he was incompetent.

d) On February 18, 2019, the Director disparaged and ignored the Plaintiff's sick leave

request, and on February 21, 2019, the Director denied the Plaintiff's request to telework.

e) Since May 7, 2019, and continuing, the Director and Deputy Director of the Federal Emergency Management Agency Office of Equal Rights (Deputy Director) refused to respond timely to the Plaintiff's documents and work assignments sent to their attention,

f) Since May 7, 2019, and continuing, the Director and Deputy Director have refused to respond to requests for instructions, clarification of work assignments, and guidance on expectations. Any response, question, or approach by the Plaintiff to gain some instruction and transparency was viewed as a failure to follow orders and threatened with disciplinary action.

g) On various dates, Plaintiff's requests for sick leave and his ill leave status were disparaged and ignored,

h) On October 10, 2019, the Director and Deputy Director suspended Plaintiff without pay for two calendar days for inappropriate conduct and failure to follow supervisor instruction, effective October 15 – 16, 2019;

i) On January 30, 2020, the Director and Deputy Director discriminatorily, wrongly, recklessly, and with wilful disregard for the truth and facts gave the Plaintiff an unsupported final performance rating of "Unacceptable" for the 2019 performance appraisal year;

j) On January 30, 2020, the Deputy Director denied Plaintiff a telework schedule;

k). On February 6, 2020, the Plaintiff received a Notice of Proposed Suspension for five calendar days;

I) On October 11, 2021, Plaintiff filed an EEO complaint alleging that the Agency discriminated against him on the bases of race (African-American), national origin (African-American), sex (male), religion (Protestant), color (Black), disability, age (78), and in reprisal for prior protected EEO activity when:

j) From June 2021 through October 2021, the Agency's payroll department denied the Plaintiff approval to receive pay for over 100 hours of earned leave that were not used because of his PIP performance period.

As to the core of his allegation, Plaintiff explained that he had been approved for long-term. Sick leave from March 2020 through December 21, 2020. However, his supervisors revoked his Approval was given, and he was directed to return to the office on October 13, 2021, which he did. As a result, the Plaintiff could not claim use-or-lose annual leave in 2020.

Plaintiff argued that regulations promulgated by the Office of Personnel Management (OPM) And the National Defense Authorization Act (NDAA) prevents an employee from forfeiting, in Plaintiff's words, "leave hours that they were not able to take because of approved and accrued sick leave or business exigency." The Plaintiff claimed he experienced both situations in 2020 Since he was on approved sick leave and then was directed to return to work due to "business exigency."

The Plaintiff sought to restore his annual leave balance through emails with the Agency's Personnel office. In an August 4, 2020, email, a Human Resources Specialist in the Payroll and Compensation Branch explained that Plaintiff had forfeited 168.25 hours of annual leave at At the end of 2020, the Agency was restoring 60 hours because the NDAA permitted 125 Percent of the standard ceiling of annual leave that carried over to 2021. Ordinarily, 240 hours Would carry over, but due to the modified ceiling, 300 hours would carry over, resulting in a

The amount that was restored was 60 hours less. The Plaintiff argued that the entire 168.25 hours of leave should be restored.

m) The Plaintiff filed appeals with the Equal Employment Opportunity Commission (EEOC or Commission), under 29 C.F.R. § 1614.403(a), from the Agency's final decisions concerning his equal employment opportunity (EEO) complaints alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C.§ 621 et seq.

a) On September 8, 2020, while Plaintiff was on approved medical leave, the Deputy Director issued Plaintiff a five-day suspension letter, effective September 21-25, 2020 for the charge of Careless or Negligent Performance of duties;

b). On September 30, 2020, the Deputy Director issued the Plaintiff a Return to Duty Letter, effective October 13, 2020, despite Plaintiff being on approved medical Leave through December 21, 2020;

c) During the week of October 19, 2020, the Director directed the Plaintiff to validate an incorrect work schedule in Web Time and Attendance (WebTA) or face disciplinary action;

d). On or about October 28, 2020, the Director, another Director, and the Deputy Director retroactively denied Plaintiff's approved sick leave request for October 1 through December 22, 2020;

e). On November 18, 2020, the Director, another Director, and Deputy Director placed Plaintiff on a Performance Improvement Plan (PIP); and

f). On November 18, 2020, the Director, another Director, and Deputy Director denied the Plaintiff's within-grade increase from Step 7 to Step 8

## VII.    CONCLUSION

The Plaintiff was subjected to numerous instances and incidents of discrimination, hostile work environment, reprisal, and harassment. These incidents included [specific examples of discriminatory behavior]. They were based on, among other bases, gender (Male), race (African American), age (75), National Origin (North American), and Reprisal based on prior EEO activity (participation and opposition) reprisal as stated herein. Plaintiff has incorporated herein by reference all information in the original Complaint filed in this action.

## VIII.    PRAYER FOR RELIEF

Plaintiff respectfully requests this Honorable Court to reverse and vacate the Merit Systems Protection Board's decision, reverse the personnel actions disciplining and removing the Plaintiff from federal service and employment taken by the  Department of Homeland Security, Federal Emergency Management Agency, issue a finding of discrimination against the Defendants, and requests an award of monetary compensation, including both compensatory and non-compensatory damages. The Plaintiff also seeks pecuniary and non-pecuniary damages and any other relief that the facts of this case and its effects may warrant.

Respectfully Submitted,

James Henry Montgomery II
4688B Old Forge Road
Fayetteville, PA 17222
(410)292-8553
james.wellcraft@gmail.com
Plaintiff

Date: May 31, 2024

VERIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served and to keep a current address on file. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: May 31, 2024

James Henry Montgomery II
4688B Old Forge Road
Fayetteville, PA 17222
(410)292-8553
james.wellcraft@gmail.com
Plaintiff